**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDY HOPE WILLIAM JR., *Sui Juris* | ) | |
| *In Propria Persona,* | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 CV 03212 |
| | ) | |
| vs. | ) | Honorable Judge John F. Kness |
| | ) | |
| THE CITY OF AURORA, MAYOR RICHARD | ) | |
| IRVIN AND CITY COUNCIL OF AURORA; | ) | |
| THE ASSOCIATION OF PROFESSIONAL | ) | |
| POLICE OFFICERS; LEE CATAVU; | ) | |
| SERGEANT TATE, | ) | |
| | ) | |
| Defendants. | ) | |

**THE CITY OF AURORA, RICHARD IRVIN, CITY COUNCIL OF AURORA
AND SERGEANT TATE'S MOTION TO DISMISS**

Defendants City of Aurora, et al. ("City"), by its attorneys, John B. Murphey, Odelson, Sterk, Murphey, Frazier & McGrath, Ltd., moves that the complaint herein be dismissed with prejudice pursuant to F.R.C.P. 12(b)(6). In support of this motion, the City states:

1. The complaint in this matter is an extraordinary document. Plaintiff (at ¶ 1) asserts that he is acting as a "private attorney general" in order to assure that Aurora "enacts comprehensive lasting reforms of the Aurora Police Department." Paragraphs 2-56 consist of what Plaintiff claims to be a summary of the history of race relations generally, and in Aurora in particular.

2. Count I (paragraphs 157-171) seek to assert a claim under 42 U.S.C. § 1985 (3). Count II (paragraphs 172-182) asserts a redundant claim purportedly under the Thirteenth Amendment. Count III (paragraphs 183-186) seeks to assert a claim under 42 U.S.C. § 2000(d), which provides that no person "on the ground of race, color, or national origin" may be "excluded

from participation in, be denied the benefits of, or be subjected to discrimination of any program or activity received in federal financial assistance."  Count IV (paragraphs 187-192) seeks to allege a *Monell* claim against the City.

3.      Count V (paragraphs 193-198) seeks to allege a redundant claim under Title VI, 42 U.S.C. § 2000(d).  Finally, Count VI (paragraphs 199-200) seeks to assert some sort of dispute under the Illinois Human Rights Act.

4.      We next turn to Plaintiff's Prayers for Relief.  First, Plaintiff is asking this Court to notify the Chief Judge "as required by 28 U.S.C. § 2284 so that the Chief Judge may designate two other judges to serve as members of a three-judge court as required by Title 28, U.S.C.A., section 2281 to hear and determine this action."  Section 2284(a) calls for the convening of a three-judge panel when either required by Congress or "when an action is final challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  Section 2281 has been repealed.

5.       Prayers B-H seek what might be called generalized department-wide changes to the structure of the City of Aurora and its Police Department.  Among other things, Prayer D asks this Court to declare that the "Aurora Police Department and Special Operations Group evolved from Slave Patrols and is a Badge and Incident of Slavery that needs to be abolished."  Prayer H asks this Court to appoint "an independent monitor to oversee the City's adoption and implementation of the required policies and procedures and to report to the Court."  Plaintiff also volunteers that he "and his team are able to monitor if the Court will issue an Order stating so."

6.      Plaintiff is also suing a local police union and the President of the union (Association of Professional Police Officers and Lee Catavu). It is unknown whether Plaintiff has served these other defendants.

7.     As stated above, this is an extraordinary document.   But it is not a complaint cognizable in this Court.   Plaintiff is not claiming any injury to himself.  Plaintiff also fails to advise this Court that he has a separate false arrest lawsuit against the City and some of its officials pending before Judge Tharp.  *Williams v. City of Aurora, et al.,* Case No. 20 CV 2549.   Judge Tharp denied Plaintiff's motion to reassign this case to that Court based on relatedness.   20 CV 2549, Doc. # 70.

8.     The City asks that this complaint be summarily dismissed.  It is not a lawsuit.  It is a political polemic masquerading as a lawsuit.

Respectfully submitted,

CITY OF AURORA, et al., Defendants

By:      /s/ John B. Murphey
Their Attorney

JOHN B. MURPHEY
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel: 708-424-5678
jmurphey@osmfm.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on October 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Andy Hope Williams Jr.
5707 S. Cass Avenue, #681
Westmont, IL 60559
630-479-7330
hope5780@yahoo.com


By:      /s/ John B. Murphey



JOHN B. MURPHEY
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
3318 West 95th Street
Evergreen Park, Illinois  60805
Tel: 708-424-5678
jmurphey@osmfm.com