IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ANDY HOPE WILLIAM JR., *Sui Juris* *In Propria Persona,* | ) ) ) | |
| Plaintiff, | ) ) | No. 1:21-cv-03212 |
| vs. | ) ) | Honorable Judge John F. Kness |
| THE CITY OF AURORA, MAYOR RICHARD IRVIN AND CITY COUNCIL OF AURORA; THE ASSOCIATION OF PROFESSIONAL POLICE OFFICERS; LEE CATAVU; SERGEANT TATE, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ASSOCIATION OF PROFESSIONAL POLICE OFFICERS & LEE CATAVU'S MOTION TO DISMISS

Defendants Association of Professional Police Officers (hereinafter "Union") and Lee Catavu (hereinafter "Catavu"), by their attorneys, Keith A. Karlson, Karlson Garza McQueary LLC, moves the Complaint herein be dismissed with prejudice pursuant to F.R.C.P. 12(b)(6). In support of this motion, Defendants Union and Catavu state:

I. **Plaintiff is Not Empowered to Act as a "Private Attorney General"**

1. Plaintiff's Complaint is "creative" and unusual. Plaintiff (at ¶1) claims he is acting as a "private attorney general" in order to assure that Aurora "enacts comprehensive lasting reforms of the Aurora Police Department." Paragraphs 2-56 consist of what Plaintiff claims to be a summary of the history of race relations generally, and in Aurora in particular.

1

2. Count V (¶¶ 193-198) seeks to allege a redundant claim under Title VI, 42 U.S.C. § 2000(d). Finally, Count VI (paragraphs 199-200) seeks to assert some sort of dispute under the Illinois Human Rights Act.

3. "Plaintiff may not use Section 1983 to put [himself] in the role of private attorney general. Section 1983 is a vehicle for plaintiffs to vindicate personal rights secured by federal law and the federal constitution, not a general grant of authority to intervene in the government's performance of its police power, health and safety responsibilities." *Murphy v. Corizon*, 2012 BL 438555 at p. *8 (D. Me. Oct. 24, 2012).

4. Furthermore, Plaintiff has failed to demonstrate he is empowered to act as a "private attorney general" when he has not alleged any personal harm.

5. As such, the Complaint should be dismissed with prejudice.

II. **Plaintiff Failed To State A Claim Under 42 U.S.C. §1985(3)**

6. To adequately allege a claim under 42 U.S.C. §1985(3), Plaintiff must allege: (1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of equal protection of laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens. *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Plaintiff fails to adequately plead these elements. Therefore, his claim must be dismissed.

7. To establish the presence of a conspiracy, a Plaintiff must demonstrate the conspirators agreed to inflict harm on him. *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999). A Plaintiff may not make bare allegations of a conspiracy. *Watt v. City of Highland Park*, No. 98 C 8123, 2001 U.S. Dist. LEXIS 14054, at *25

(N.D. Ill. Sep. 7, 2001). Instead, Plaintiff must "minimally describe the form and scope of the conspiracy, such as the terms of the agreements constituting the conspiracy, when the agreements were formed, and what the participants' roles were." *Id.*

8. Plaintiff has not alleged the Union or Catavu did anything to harm him. Plaintiff has only made conclusory statements of a "conspiracy" without any specificity. Plaintiff never describes how Catavu or the Union came to any agreement. Nor did Plaintiff establish when the purported agreement was formed. Similarly, Plaintiff never alleges what role the Union or Catavu played in the conspiracy.

9. Again, Plaintiff also did not identify any overt acts in furtherance of this alleged non-descript conspiracy.

10. Additionally, the only Plaintiff bringing this suit is Williams. There are no facts in the Complaint suggesting any conspiracy against him individually.

11. To state a claim, §1985(3) requires Plaintiff to suffer some injury. §1985(3), in pertinent part, reads: "… if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United Stated, **the party so injured or deprived may have an action for the recovery of damages**, occasioned by such injury or deprivation, against any one or more of the conspirators." (emphasis added).

12. There are no allegations of Mr. Williams' person or property being injured by any of the Defendants – specifically the Union and Catavu. Plaintiff never alleges he was deprived of any right or privilege. The Complaint never addresses any facts

directly relating to Plaintiff. Accordingly, Plaintiff's Complaint must be dismissed for lack of standing and failure to state a claim.

### III. Counts II through V Include No Allegations Against the Union or Catavu

13. Counts II and III of Plaintiff's Complaint seeks relief under the 13th Amendment and the Civil Rights Act of 1964.

14. Count IV seeks to establish municipal liability against the City.

15. Count V alleges the City violated Title VI and its related regulations.

16. None of the allegations in these Counts are made against the Union or Catavu. Similarly, no relief is sought from the Union in these Counts.

17. As such, in addition to the reasons asserted by the City Defendants' in their motion to dismiss and reply brief (which are incorporated as if fully pleaded herein), Counts II through V should be dismissed with prejudice as applied to the Union and Catavu.

### IV. Plaintiff's Claims Are Time Barred

18. Plaintiff never alleges any wrong occurred in the two-years prior to the filing of his Complaint.

19. All of the allegations are against citizens of Illinois for acts allegedly occurring in Illinois.

20. A 2-year statute of limitations applies to all §1983 actions against Illinois defendants. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001).

21. Plaintiff never alleges any of the alleged misfeasance and malfeasance occurred during the past 2-years.

4

22. As such, Plaintiff's Complaint must be dismissed.

## V. The Union and Catavu Are Immune Under the First Amendment

23. Plaintiff is suing the Union and its former President, Catavu.

24. In ¶¶17 and 18 of his complaint, Plaintiff alleges the Union and Catavu "advocated, allowed, or tolerated the use by other officers of an excessive amount of force; knew or should have known the officers received inadequate training, supervision, and/or discipline by or on behalf of Defendant City of Aurora in the use of force during demonstrations and retaliating for speech they opposed and/or resented; and was a "person" under 42 U.S.C. §§ 1983 and 1985 (3)."

25. "The First Amendment provides that the government cannot abridge the right of the people to 'petition the Government for a redress of grievances.'" *Tarpley v. Keistler*, 188 F.3d 788, 793 (7th Cir. 1999). "Thus, parties may petition the government for official action favorable to their interests without fear of suit, even if the result of the petition, if granted, might harm the interests of others." *Id.* (favorably citing *United Mine Workers of Amer. V. Pennington*, 381 U.S. 657, 670 (1965); *Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 137-44 (1961)). Commonly, this sort of immunity is known as *Noerr-Pennington* immunity.

26. Plaintiff alleges the Union and Catavu "advocated" on behalf of its members to the detriment of a relatively undefined group of people. To be plain, the Union and Catavu vehemently deny it ever advocated in favor of excessive force or undertraining any of its members. Nonetheless, the First Amendment empowers the

5

Union to petition government to act in a manner beneficial to its members. In any event, under *Tarpley*, the Union and Catavu are immune from suit here.

27. Therefore, the Court should dismiss with prejudice all counts against the Union and Catavu.

## VI. Plaintiff's "Deliberate Indifference" and "Failure to Train" Claims Fail

28. In ¶119 of his Complaint, Plaintiff alleges, the Union "has acted with deliberate indifference to excessive force and discriminatory police action, as evidenced by the inadequate training, supervision, accountability, and officer wellness systems that the City has erected and maintained while the Association of Professional Police Officers advocates and turns a blind eye to this behavior."

29. In ¶120 of his Complaint, Plaintiff alleges, the Union's "systemic failure to provide officers with adequate training, supervision, accountability, and mental health support, numerous Aurora residents have been subjected to a repeated pattern of unconstitutional uses of force."

30. In rare cases "the inadequacy of police training may serve as the basis of section 1983 liability only where failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

31. However, nowhere does Plaintiff explain what training is not being provided to Aurora's police officers.

32. Moreover, Plaintiff does not identify any duty of the Union or Catavu to provide "training, supervision, accountability, and mental health support..."

6

33. The Union and Catavu have a documented history of advocating on behalf of its members for training and support. However, taking Plaintiff's bare, conclusory, and non-specific allegations as true, Plaintiff's claims still fail because he never alleges the Union or Catavu owe him, or the general public, any duty to engage in any of the alleged tasks he criticizes.

34. Therefore, the Court should dismiss Plaintiff's Complaint with prejudice.

### VII. The Union and Catavu Are Not Alleged to Have Acted Under Color Of Law

35. Neither the Union nor Catavu are alleged to be State actors or acting under color of law. Plaintiff never alleges the Union and/or Catavu owe him or the general public a duty, constitutional or otherwise. Similarly, Plaintiff's prayer for relief seeks no relief from the Union and/or Catavu.

36. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

### VIII. Catavu is Not Alleged to Have Engaged In Any Wrong Doing

37. Nowhere in Plaintiff's Complaint does he describe any wrongdoing engaged in by Catavu. Similarly, Plaintiff never claims Catavu owed him or the general public any duty. Also, Plaintiff seeks no relief from Catavu.

38. Therefore, all claims against Catavu must be dismissed.

WHEREFORE, Defendants Association of Professional Police Officers and Lee Catavu pray this Honorable Court will Order and Declare:

1. Plaintiff's Complaint is dismissed with prejudice as to all claims made against the Union and Catavu;

2. Award Defendants' reasonable attorneys' fees and costs for the defense of this matter; and

3. Award all other just and proper relief available under the law.

                Respectfully submitted,

                Association of Professional Police
                Officers & Lee Catavu, Defendants

            By:    /s/ *Keith A. Karlson*
                   Their Attorney

Keith A. Karlson
Karlson Garza McQueary LLC
235 Remington Boulevard, Suite 5B
Bolingbrook, Illinois 60439
708-761-9030
kkarlson@kgmlawyers.com

8

## CERTIFICATE OF SERVICE

       I hereby certify that on March 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Andy Hope Williams Jr. 5707 S. Cass Avenue, #681
Westmont, IL 60559
630-479-7330
hope5780@yahoo.com

John B. Murphey
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.3318 West 95th Street
Evergreen Park, Illinois 60805Tel: 708-424-5678
jmurphey@osmfm.com

                                                Respectfully submitted,
                                By:      /s/ *Keith A. Karlson*

Keith A. Karlson
Karlson Garza McQueary LLC
235 Remington Boulevard, Suite 5B
Bolingbrook, Illinois 60439
708-761-9030
kkarlson@kgmlawyers.com