IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDY HOPE WILLIAMS JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 1:21-cv-03543 <br><br> Hon. Charles R. Norgle |

## ORDER

Defendant's motion to dismiss [9] is granted. The clerk is ordered to terminate this case.

## STATEMENT

On July 1, 2021, Plaintiff Andy Williams Jr.[1] filed the present complaint against the United States and various states, urging that the language in the Thirteenth Amendment to the United States Constitution excepting prison labor from its prohibition of involuntary servitude must be declared unconstitutional and removed immediately. Plaintiff brings constitutional claims pursuant to the Eighth, Thirteenth, and Fourteenth Amendments and discrimination claims pursuant to Title VI, 42 U.S.C. § 2000d *et seq*. He requests that the Court: (1) enjoin Defendants from "using the slavery clause in their constitutions to lock people up and force them to slave labor"; (2) declare that "the slavery exception must be abolished"; (3) "Order the Defendants to adopt and implement policies and procedures that identify, correct, and prevent the unlawful conduct described herein"; and (4) "pay civil penalties[.]" Id. at 36. The United States of America ("Defendant") filed a motion to dismiss on April 5, 2022, arguing that Plaintiff lacks standing and fails to state a claim. Plaintiff has yet to respond to the motion, but it is clear from the face of the complaint that Plaintiff lacks standing and fails to state a claim, so the complaint is dismissed.

Defendant argues first that Plaintiff's complaint should be dismissed for lack of standing. Dkt. 9 at 6 (invoking Rule 12(b)(1)); Fed. R. Civ. P. 12(b)(1) (a party may assert lack of subject-matter jurisdiction by motion). "A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." Bultasa Buddhist Temple of Chi. v. Nielsen, 878 F.3d 570, 573 (7th Cir. 2017). "As the party invoking federal jurisdiction, a plaintiff bears the

---

[1] According to Defendant, Plaintiff is an Attorney who is not admitted to practice in Illinois but has filed five pro se cases in this district in the last two years. See, e.g., Williams v. Pritzker, et al., No. 20 C 2495, Dkt. 26 (N.D. Ill. Oct. 16, 2020).

<span style="color:red">**EXHBIT 1**</span>

burden of establishing [that] the elements" for jurisdiction are met. Silha v. ACT, Inc., 807 F.3d 169, 173-74 (7th Cir. 2015). "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." Id. at 173. "A factual challenge contends that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient." Id. (internal citations omitted). "In contrast, a facial challenge argues that the plaintiff has not sufficiently alleged a basis for subject matter jurisdiction." In this case, Defendant's Rule 12(b)(1) motion to dismiss is best understood as a facial challenge because Defendant contends that Plaintiff's complaint lacks sufficient factual allegations to establish subject matter jurisdiction.

Defendant argues that Plaintiff has no standing to challenge the general existence of unpaid prison labor because he is not incarcerated and cannot proceed on behalf of broad categories of incarcerated peoples and prison laborers. Dkt. 1 ¶1 (describing the "current enslavement of the descendants of . . . Aboriginal, Indigenous, and African people who are in bondage today based on the language in the 13th Amendment."). The Constitution limits the judicial power of the United States to cases and controversies, and "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). It is Plaintiff's burden to show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (at the pleading stage, plaintiff must "clearly allege facts demonstrating each element." (cleaned up)). Regarding the first, injury-in-fact element, Plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 339. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." Id. ("plaintiff must allege personal injury"); Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "personally has suffered some actual or threatened injury").

Plaintiff fails to allege a particularized injury in fact. His claims relate to prison labor and incarceration, but he does not allege that he has ever been incarcerated or performed prison labor. Nor does he allege that he faces imminent incarceration. Plaintiff asserts that he has standing to bring his complaint as a "private attorney general." Dkt. 1 ¶14 (citing Associated Indus. of New York State v. Ickes, 134 F.2d 694, 704 (2d Cir.), vacated, 320 U.S. 707 (1943) ("Such persons, so authorized, are, so to speak, private Attorney Generals.")). But Ickes only supports the notion that "Congress can constitutionally enact a statute conferring on any non-official person, or on a designated group of non-official persons, authority to bring a suit[.]" Id. Plaintiff identifies no such statute. Accordingly, he lacks standing to bring his claim.

Defendant also argues that Plaintiff fails to state a claim, invoking Federal Rule of Civil Procedure 12(b)(6). Dkt. 9 at 6; Fed. R. Civ. P. 12(b)(6) (a party may assert failure to state a claim upon which relief can be granted by motion). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." Sloan v. Am. Brain Tumor Ass'n, 901 F.3d 891, 894 (7th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, the law does not impose a highly exacting standard on the plaintiffs, however: "[t]he plausibility standard is not akin to a 'probability requirement.'" Iqbal, 556 U.S. at 678. A plaintiff's burden on a motion to dismiss is limited to alleging "enough details about the

2

subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). But in ruling on a motion to dismiss, the Court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." St. John's United Church of Christ v. City of Chicago, 502 F.3d 66, 633 (7th Cir. 2007) (internal quotation marks omitted).

    Plaintiff fails to state a claim because the Constitution itself, by way of the Thirteenth Amendment, expressly allows for the existence of involuntary servitude as a punishment for crime. Plaintiff urges the abolition of the Thirteenth Amendment's "Punishment Clause" as unconstitutional under the "1st, 5th, 8th, 13th, and 14th" amendments. Dkt. 1 ¶132. But the Constitution is not unconstitutional. Despite Plaintiff's insistence, this Court cannot "reimagine and reorder the Thirteenth Amendment" and "simply [] strike the offending language" by finding that it is unconstitutional. Dkt. 1 ¶131. Any amendment to the United States Constitution requires (1) a proposal by two-thirds of both houses of Congress or two-thirds of the states and (2) ratification by the legislatures of three-fourths of the states. U.S. Const. Art. V. The framers designed this onerous amendment process to ensure the high stability of government. And, most importantly, they deliberately excluded the judiciary from the amendment process. Coleman v. Miller, 307 U.S. 433, 459 (1939) (Article V "grants power over the amending of the Constitution to Congress alone. Undivided control of that process has been given by the Article exclusively and completely to Congress. The process itself is 'political' in its entirety, from submission until an amendment becomes part of the Constitution, and is not subject to judicial guidance, control or interference at any point."). Whatever existing efforts may presently be taking place to amend the Thirteenth Amendment, this Court cannot step into that process and grant Plaintiff the relief he seeks. Plaintiff's claim is not plausible, so his complaint must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

    For the foregoing reasons, the Court grants Defendant's motion to dismiss and directs the clerk to enter judgment dismissing the case.

    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 26, 2022

3